**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000006
13-JAN-2012
07:57 AM**

NO. CAAP-11-0000006


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
ZACK MORRIS, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DTC-10-00463)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Leonard and Ginoza, JJ.)


Defendant-Appellant Zack Morris (Morris) appeals from the Judgment[1] filed on July 28, 2010 and the Amended Judgment filed on December 8, 2010 in the District Court of the Second Circuit, Wailuku Division (district court).[2]

---

[1] The Judgment and the judgment finding Morris not guilty of No Motor Vehicle Insurance were filed as one document; the Judgment was filed electronically as page 2.

[2] The Honorable Kelsey T. Kawano presided at trial; the Honorable Blaine J. Kobayashi presided at the determination of restitution.

The district court found Morris guilty of Inattention to Driving, in violation of Hawaii Revised Statutes (HRS) § 291-12 (Supp. 2010).[3]

On appeal, Morris contends there was insufficient evidence to convict him of Inattention to Driving. Specifically, Morris argues that the State of Hawai'i (State) failed to adduce sufficient evidence to prove that he operated his vehicle without due care or in a manner as to cause a collision with another vehicle. Morris also contends the State failed to adduce sufficient evidence to prove that he acted intentionally, knowingly, or recklessly with respect to the result of his conduct.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we affirm.

The standard of review on appeal for sufficiency of the evidence is substantial evidence. The Hawai'i Supreme Court has

> long held that evidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or a jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact. Indeed, even if it could be said in a bench trial that the conviction is against the weight of the evidence, as long as there is substantial evidence to support the requisite findings for conviction, the trial court will be affirmed.
>
> "Substantial evidence" as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to

---

[3] HRS § 291-12 provides:

§291-12 Inattention to driving. Whoever operates any vehicle without due care or in a manner as to cause a collision with, or injury or damage to, as the case may be, any person, vehicle or other property shall be fined not more than $500 or imprisoned not more than thirty days, or both, and may be subject to a surcharge of up to $100 which shall be deposited into the trauma system special fund.

> enable a person of reasonable caution to support a
> conclusion.  And as trier of fact, the trial judge is
> free to make all reasonable and rational inferences
> under the facts in evidence, including circumstantial
> evidence.
>
> State v. Batson, 73 Haw. 236, 248-49, 831 P.2d 924, 931
> (1992).

State v. Matavale, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007) (brackets omitted).

There was substantial evidence Morris operated his vehicle without due care and in a manner as to cause a collision with another vehicle (which in fact did occur).  Additionally, there was substantial evidence Morris acted recklessly with respect to the result of his conduct.

Therefore,

IT IS HEREBY ORDERED that the Judgment filed on July 28, 2010 and the Amended Judgment filed on December 8, 2010 in the District Court of the Second Circuit, Wailuku Division, are affirmed.

DATED:  Honolulu, Hawaiʻi, January 13, 2012.

On the briefs:

Iokona A. Baker,
Deputy Public Defender,
for Defendant-Appellant.

Renee Ishikawa Delizo,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

3